# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

MAXUM PETROLEUM, INC., )
       Plaintiff, )
v. ) Case No. CIV-17-287-M
STEPHEN HIATT and )
CHEMOIL CORPORATION, INC., )
       Defendants. )

## ORDER

Before the Court is Plaintiff Maxum Petroleum, Inc.'s Motion to Compel Document Production and Renewed Motion for a Judicial Conference, filed January 13, 2017. On January 20, 2017, defendants responded, and on January 25, 2017, plaintiff replied. Also before the Court is Defendants' Motion to Compel Plaintiff's Production of Documents, filed January 13, 2017. On January 20, 2017, plaintiff responded, and on January 25, 2017, defendants replied. Based on the parties' submissions, the Court makes its determination.

I.    Background

On September 26, 2016, plaintiff Maxum Petroleum, Inc., ("Maxum") filed this action in the United States District Court of Connecticut.[1] In its Complaint, Maxum alleges that defendant Stephen Hiatt ("Hiatt") resigned his senior level position at Maxum and assumed a similar position with defendant Chemoil Corporation, Inc. ("Chemoil") (collectively "Defendants"), a direct competitor of Maxum. Maxum further alleges Hiatt had access to and was well versed in Maxum's proprietary information and trade secrets. Maxum also alleges that Hiatt recruited a former colleague, Randy Ogden, as well as two other employees to quit Maxum and join Chemoil. As a

---

[1] On March 15, 2017, this action was transferred to this Court.

result of Chemoil employing its former employees, Maxum alleges that Chemoil is now in possession of Maxum's trade secrets and proprietary information, which Maxum believes Defendants will exploit for unfair competitive advantage. Maxum alleges the following claims against Defendants: (1) breach of contract (against Hiatt only); (2) breach of fiduciary duty (against Hiatt only); (3) misappropriation of trade secrets – Defend Trade Secrets Act, 18 U.S.C. § 1836; (4) misappropriation of trade secrets – Connecticut Uniform Trade Secrets Act; (5) conversion; (6) violation of Connecticut Unfair Trade Practices Act; (7) common law unfair competition; (8) tortious interference with prospective economic advantage (against Chemoil only); and (9) tortious interference with contract.

Both parties now seek an order from this Court compelling the respective parties to produce requested documents. Specifically, Maxum requests that defendants produce all documents responsive to its Second Requests for Production of Documents and a judicial conference with the Court to address any other outstanding issues.[2] Defendants request that Maxum produce documents sought in their First and Second Requests for Production of Documents.

II. Discussion

    A. Maxum's motion to compel

Maxum seeks information from Defendants regarding business documents relating to the development of Chemoil's lubricant and diesel businesses, and correspondence and documents relating to Chemoil's recent recruitment and hiring of former Maxum employees, including electronic files and devices from former employees of Maxum who are now employed by Chemoil. Specifically, Maxum alleges that Chemoil is exploiting its trade secrets by utilizing former Maxum

---

[2] The Court has set a Status and Scheduling Conference in this matter for July 6, 2017; therefore, the Court will not be addressing Maxum's requests for a judicial conference in this Order.

2

employees to sell lubricant products to oil and gas drilling customers, an area that Chemoil did not previously service.

Maxum requests information regarding Chemoil's contacts and efforts to sell lubricants to rig customers, including all documents and communications reflecting, relating to, referring to, discussing, or concerning: (1) any contact with prospective or actual purchasers of lubricant products and services other than fracking customers (Request for Production No. 3); (2) Chemoil's efforts to sell lubricant products or services to customers other than fracking customers (Request for Production No. 4); (3) any contacts with Atlas, H&P, Nabors, Patterson, Precision, Cactus, Ensign, Trinidad, Unit, Latshaw, Pioneer, and/or Sidewinder (Request for Production No. 6); and (4) credit applications by or for prospective customers of lubricant products and services (Request for Production No. 7). *See* Plaintiff's Second Requests for Production of Documents, attached as Exhibit 6 to the Declaration of Jason Koral Pursuant to Local Rule 37(a) and in Support of Plaintiff's Motion to Compel Document Production [docket no. 52].

Maxum also seeks information regarding Chemoil's efforts to launch its new lubricant business (Request for Production Nos. 8 & 9) and use of former Maxum employees to expand sales and purchases of lubricant products (Request for Production No. 5). Maxum further seeks evidence relating to damages in the form of sales made and profits earned in its diesel fuel products and services and its lubricant products and services (Request for Production No. 1). *See* Plaintiff's Second Requests for Production of Documents, attached as Exhibit 6 to the Declaration of Jason Koral Pursuant to Local Rule 37(a) and in Support of Plaintiff's Motion to Compel Document Production [docket no. 52].

Further, Maxum seeks documents related to Chemoil's alleged recruitment and hiring of Maxum employees, including all documents and communications reflecting, relating to, referring

3

to, discussing or concerning: (1) Chemoil's recent efforts to recruit and hire current and former Maxum employees including Hiatt, Randy Ogden, Todd King, Phillip DeLong, and David Schneider (Request for Production No. 13); (2) Chemoil's recent efforts to hire drivers to serve lubricants customers (Request for Production No. 8); and (3) draft and final versions of employment agreements, commission schedules, benefits, employee manuals, and/or company policies provided to Hiatt, Ogden, King, DeLong, and Schneider (Request for Production No. 14). *See* Plaintiff's Second Requests for Production of Documents, attached as Exhibit 6 to the Declaration of Jason Koral Pursuant to Local Rule 37(a) and in Support of Plaintiff's Motion to Compel Document Production [docket no. 52].

Defendants acknowledge Maxum's breach of contract claim against Hiatt and insist they do not object to producing discovery related to Hiatt allegedly soliciting employees and customers; however, defendants object to all other discovery requests on the grounds that Maxum's trade secret claims have no merit. Specifically, Defendants contend that the information regarding plaintiff's customer list and pricing are not trade secrets, and since Ogden, King, DeLong, and Schneider did not have a non-compete agreement with Maxum, they are free to use the knowledge and relationships they acquired while working at Maxum during their employment with Chemoil.

Having carefully reviewed the parties' submissions, the Court finds that Defendants should be required to produce the requested documents in Maxum's Second Request for Production of Documents. Specifically, Maxum contends that Hiatt, Ogden, King, and Delong all attached USB drives to their Maxum laptops either shortly before or the same day of their departure. *See* Plaintiff's Memorandum of Law in Support of its Motion to Compel [docket no. 50] at 13-14. Further, Maxum contends that Ogden and King accessed sensitive pricing, customers and sales

information, upon their departure.[3] *See id* at 14. Based on Maxum's allegation that former employees, who now work for Chemoil, accessed electronic documents and files upon their departure from Maxum, the Court finds that the information Maxum seeks in its Second Request for Production of Documents is relevant and should be produced; however, with respect to Request for Production No. 1, the Court finds that only documents showing the monthly sales, gross profit, and net profit of rig lubricant products is relevant as to damages in this matter, as that is the area Maxum claims defendants have engaged in misappropriating its trade secrets. Therefore, the Court finds that Maxum's motion to compel should be granted in part and denied in part.

  B.  <u>Chemoil's motion to compel</u>

Chemoil seeks information from Maxum regarding: (1) the state of Maxum's business, (2) documents related to the identity of Hiatt's employer and whether Maxum has customers and employees to be solicited; and (3) an unredacted copy of the Laptop Analysis TransPerfect Case No. C2018349 ("Laptop Analysis"). In its brief, Chemoil advises the Court that Maxum has agreed to produce documents regarding the state of its business and the identity of Hiatt's employer and whether Maxum has customers and employees to be solicited. Chemoil states that it will "review the documents when produced and advise Plaintiff and the Court whether such documents satisfy some or all the requests in [those] groupings." Defendant's Mot. to Compel at 5 & 7. Based on Chemoil's advisement that Maxum has agreed to produce the requested documents, the Court finds that Chemoil's requests for an order from the Court compelling Maxum to produce information regarding the state of Maxum's business and documents related to the to the identity of Hiatt's

---

[3] In its brief, Maxum explains that upon commencing this action, it hired independent forensic computer specialists to analyze the laptop computers of the Maxum employees who left to join Chemoil. *See* Plaintiff's Memorandum of Law in Support of its Motion to Compel [docket no. 50] at 13.

employer and whether Maxum has customers and employees to be solicited is premature and, therefore, will not be addressed in this Order.

Chemoil further contends that it needs an unredacted copy of Maxum's Laptop Analysis, as the redacted version produced by Maxum redacts the conclusion of the report, and Chemoil believes the conclusion will support its defense that Hiatt and other employees did not remove any confidential information from Maxum's computer system. Maxum contends that the redacted portions of the Laptop Analysis report are protected by the work product doctrine, as the redacted information contains communication to counsel in anticipation of litigation and, therefore, is undiscoverable.

Federal Rule of Civil Procedure 26(b) permits undiscoverable documents prepared in anticipation of litigation or trial by a party or its representative to be discoverable, if the party requesting the document can show that the document would otherwise be discoverable and that it has a substantial need for the document and cannot, without undue hardship, obtain a substantial equivalent document by other means. *See* Fed. R. Civ. P. 26(b)(3)(A). Having carefully reviewed the parties' submissions, the Court finds that Maxum should produce a copy of the Laptop Analysis with the conclusion of the report unredacted.[4] The Court finds that the conclusion of the Laptop Analysis is relevant information for Chemoil's defense and Chemoil would not have access to the information without it being produced by Maxum. Therefore, the Court finds that Chemoil's Motion to Compel should be granted in part.

---

[4] The Court finds that all other redacted portions of the report shall remain redacted.

III.  Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Maxum's Motion to Compel Document Production and Renewed Motion for a Judicial Conference [docket no. 49] as follows: (1) the Court GRANTS Maxum's motion to compel and ORDERS Chemoil to produce documents and information requested in Maxum's Second Request for Production of Documents, with the exception to Request for Production No. 1, in which Chemoil is only ordered to produce documents related to the monthly sales, gross profit, and net profit of Chemoil's rig lubricant products and services on or before July 17, 2017; and (2) the Court DENIES Maxum's request for a Judicial Conference as MOOT.

Additionally, for the reasons set forth above, the Court GRANTS IN PART Defendants' Motion to Compel Plaintiff's Production of Documents [docket no. 51] as follows: the Court ORDERS Maxum to produce a copy of the Laptop Analysis with the conclusion unredacted to Chemoil on or before July 17, 2017, and FINDS that Chemoil's requests for the production information related to Maxum's business state and documents related to the identity of Hiatt's employer and whether Maxum has any customers or employees that could be solicited is premature.

**IT IS SO ORDERED this 16th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE